UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 4:26-cv-00516

———

**The State of Texas,**
*Plaintiff,*

v.

**Damaris McCalley,**
*Defendant.*

———

# ORDER

Defendant removed this civil-forfeiture action, asserting that this action raises a federal question under 42 U.S.C. § 1983. Doc. 1. The case was referred to a magistrate judge, who issued a report recommending that this action be remanded because this court lacks subject-matter jurisdiction. Doc. 5. Defendant subsequently filed a "proof of federal jurisdiction," which the court construes as a timely-filed objection. *See* Doc. 8.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Defendant's "proof of federal jurisdiction" is difficult to parse, but defendant appears to claim that the removed action involves various due-process violations. *See generally* Doc. 8. That argument ignores the magistrate judge's reasons for recommending remand, however. As the report noted, the removed action was

- 1 -

a civil-forfeiture action brought by the state under its law. Doc. 5 at 2. That action did not raise a federal question on the face of the complaint or meet the requirements for diversity jurisdiction. *See id.* Moreover, it is well-established that defenses and counter-claims that raise federal questions do not provide a basis for removal jurisdiction. *See Home Depot U.S.A. v. Jackson*, 587 U.S. 435, 441–42 (2019); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Accordingly, defendant's allegations of constitutional violations and other statements about purported crimes and conspiracies fail to state a basis for federal jurisdiction.

Having reviewed the report de novo, the court accepts the report's findings and recommendations. This action is remanded to the 16th Judicial District Court of Denton County, Texas.

*So ordered by the court on July 21, 2026.*

J. CAMPBELL BARKER
United States District Judge